THE BUDD COMPANY, RAILWAY DIVISION, PLAINTIFF *v.* THE UNITED STATES, DEFENDANT; NISSHO-IWAI AMERICAN CORPORATION AND KAWASAKI HEAVY INDUSTRIES, LTD., INTERVENORS, PARTIES-IN-INTEREST AND BREDA COSTRUZIONI FERROVIARIE, S.P.A., INTERVENOR, PARTY-IN-INTEREST

Court No. 80–3–00505

*Opinion and Order*

(Dated February 26, 1981)

*Barnes, Richardson & Colburn* (*Andrew P. Vance* and *Raymond F. Sullivan, Jr.* at the oral argument and on the briefs) for the plaintiff.

*Thomas S. Martin,* Acting Assistant Attorney General; *David M. Cohen,* Director, International Trade Field Office, Commercial Litigation Branch (*Francis J. Sailer* at the oral argument and on the briefs), for the defendant.

*Arent, Fox, Kintner, Plotkin & Kahn* (*Stephen L. Gibson* and *Evan R. Berlack* at the oral argument and on the briefs) for Nissho-Iwai American Corporation and Kawasaki Heavy Industries, Ltd., intervenors, parties-in-interest.

*Bosco & Curry* (*Joseph A. Bosco* at the oral argument) for Breda Costruzioni Ferroviarie, S.p.A., intervenor, party-in-interest.

BOE, Judge: Plaintiff has filed its application for preliminary injunction seeking to enjoin the defendants herein, their officers, agents,

servants, and employees, and specifically the U.S. Customs Service and the employees thereof, from liquidating any and all entries or withdrawals from warehouse for consumption of parts and components of rail passenger cars imported from Japan and Italy pursuant to the contracts which are the subject of the preliminary determination by the International Trade Commission, presently under review, during the pendency of the litigation in this court and its appellate tribunals.

In requesting this provisional relief, the plaintiff predicates its right thereto under 28 U.S.C. 2643(c)(1) as enacted by the Customs Courts Act of 1980, providing:

> (c)(1) Except as provided in paragraphs (2), (3), and (4) of this subsection, the Court of International Trade may, in addition to the orders specified in subsections (a) and (b) of this section, order any other form of relief that is appropriate in a civil action, including, but not limited to, declaratory judgments, orders of remand, injunctions, and writs of mandamus and prohibition.

The defendant and the intervenors herein contest plaintiff's application asserting: (1) That the requested injunctive relief is precluded by the statutory provisions governing liquidation of entries, and the suspension thereof, pending litigation, contained in 19 U.S.C. 1516a, as amended by the Trade Agreements Act of 1979; (2) that the suspension of liquidation at this time would be contrary to the antidumping statutes and to the obligations of the United States under the International Antidumping Code; (3) the requisite criteria for preliminary injunctive relief herein has not been demonstrated by the plaintiff.

This court cannot agree that, with respect to the instant proceedings and the application for injunctive relief herein, the provisions of 19 U.S.C. 1516a are exclusive or that the same limit the circumstances under which liquidation may be suspended only to an affirmative preliminary determination by the administering authority as provided by 19 U.S.C. 1673b(d)(1). It is indeed recognized that by the enactment of the Trade Agreements Act of 1979, Congress endeavored to provide a pattern and schedule in antidumping proceedings to permit the orderly determinations of material injury by the International Trade Commission as well as the determination of the existence of less than fair value sales by the administering authority. It is likewise recognized that injunctive relief was for the first time provided for therein with specificity both as to the appropriate occasion for the granting of such relief as well as the criteria requisite therefor.

However, the statutory provisions of 28 U.S.C. 2643(c)(1), as enacted by the Customs Courts Act of 1980, when read in context with 19 U.S.C. 1516a, as enacted by the Trade Agreer nts Act of

1979, can only serve to emphasize the congressional intent to confer upon the U.S. Court of International Trade remedial powers, co-extensive with the powers of the U.S. District Courts and, accordingly, to grant to the Court of International Trade expanded injunctive power and authority, appropriate in a civil action. In short, if extraordinary circumstances so warrant, the equitable power granted by the provisions of section 2643(c)(1) may be exercised by this court in order to secure the relief which may be necessary and proper, notwithstanding the fact that more restrictive provisions originally may have been provided in prior statutory enactments.

The defendant and the intervenors have cited the case of *Haarman & Reimer Corporation* v. *United States*, 1 CIT 148, Slip Op. 81–13 (Feb. 3, 1981), as supportive of their contention that the provisions of 19 U.S.C. 1516a are exclusive and thereby restrict the exercise of the injunctive powers granted to the Court of International Trade by 28 U.S.C. 2643(c)(1).

The decision of this court in *Haarman & Reimer, supra,* is deemed inapplicable to the instant proceeding. In that decision this court concluded that 28 U.S.C. 1581(i), under which statute the plaintiff therein sought to predicate its action for judicial review of a preliminary negative determination by the administering authority that critical circumstances did not exist, conferred a residual grant of jurisdictional authority only and was not intended by the Congress to create a new cause of action. See H. Rept. No. 96–1235, 96th Cong., 1st sess. 47. This court further concluded therein that the legislative history with respect to section 1581(i) explicitly and clearly confirmed the congressional intent to designate 19 U.S.C. 1516a as the exclusive statutory authority for the judicial review of the antidumping proceeding in question. See H. Rept. No. 96–1235, *supra* at 48. In view of the unlikelihood of the plaintiff prevailing on the merits, this court, accordingly, denied the plaintiff's accompanying application for a preliminary injunction.

In the instant proceeding, on the other hand, the plaintiff, having instituted in this court its action for judicial review of a preliminary negative determination by the International Trade Commission with respect to material injury or a threat thereof pursuant to 19 U.S..C 1516a, now has requested this court to exercise the plenary power and authority granted to it by 28 U.S.C. 2643(c)(1) to provide provisional relief in the form of a preliminary injunction. This equitable power so conferred upon the U.S. Court of International Trade necessarily must be distinguished from the residual grant of jurisdictional authority provided by 28 U.S.C. 1581(i), which was the subject of consideration by this court in the *Haarman & Reimer* decision, *supra.* Again, the House Report to the Customs Courts Act of 1980, *supra,*

explicitly enunciates the congressional intent in the enactment of section 2643 and subsection (c)(1) thereof:

> Subsection (c)(1) is a *general grant of authority for the Court of International Trade to order any form of relief that it deems appropriate under the circumstances*. It is the committee's intent that this authorization be deemed to grant the Court of International Trade remedial powers coextensive with those of a Federal district court. This provision makes it clear that the court may issue declaratory judgments, writs of prohibition and mandamus, orders of remand, and preliminary or permanent injunctive relief, except as provided in paragraphs (2), (3), and (4) of this subsection.
>
> In the Trade Agreements Act of 1979, Congress, for the first time, authorized the Customs Court, renamed by this bill the Court of International Trade, to issue injunctive relief in limited circumstances. Subsection (c)(1) *expands the circumstances under which the court may* order injunctive relief. When a party requests the court to grant injunctive relief, the court is to be guided by the same factors utilized by a Federal district court when it considers a request for a preliminary or permanent injunction. [Italic supplied.] At 61.

In the opinion of this court, therefore, the application of the plaintiff for injunctive relief in the instant proceeding pursuant to the provisions of 28 U.S.C. 2643(c)(1) is properly before this court and within its power and authority to consider. Accordingly, the sole question remaining to be resolved herein is whether the plaintiff has sustained its burden of establishing the criteria requisite to the granting of its requested injunctive relief.

One of the most important factors to be considered in determining whether a preliminary injunction may be warranted is the significance of the threat of irreparable injury to plaintiff if the injunction is not granted.

The standard of irreparable injury is not restricted alone to proceedings seeking injunctive relief. It is a well-established principle that without a clear showing of irreparable injury failure to exhaust administrative remedies will serve as a bar to judicial intervention in the administrative process. *Renegotiation Board* v. *Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974).

It appears that the plaintiff predicates the cause of its alleged irreparable injury upon the delay occasioned by the defendant resulting in a protracted judicial review proceeding. This court is in agreement that the time which has elapsed since the submission of plaintiff's original petition to the Secretary of the Treasury in October 1979 requesting an investigation of less than fair value sales thwarts the intent of Congress to provide a speedy review of administrative determinations. More than 1 year has elapsed since the preliminary negative

determination of the International Trade Commission was made on February 11, 1980. All of the litigants herein may be said to share in the ensuing delay. Needlessly, the parties have permitted themselves to become encumbered in a procedure on review, ill designed to afford the expeditious presentation of the issues to this court.

To predicate a claim for irreparable injury occasioned by a delay in the review process, which well could have been foreseeable, controlled or prevented, cannot be deemed an injury of the character sufficient to justify the exercise of the extraordinary provisional authority of this court.

The nature and extent of irreparable injury requisite to injunctive relief has been aptly delineated in Wright and Miller, "Federal Practice and Procedure; Civil" section 2948, at 436–38:

> There must be a likelihood that irreparable harm will occur. Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant. Thus, a preliminary injunction will not be issued simply to prevent the possibility of some remote future injury. A presently existing actual threat must be shown. However, the injury need not have been inflicted when application is made or be certain to occur; a strong threat of irreparable injury before trial is an adequate basis. A long delay by plaintiff after learning of the threatened harm may be taken as an indication that the harm would not be serious enough to justify a preliminary injunction.

Nor has the plaintiff presented to this court any showing with respect to the extent of the actual irreparable injury to which it may be subjected, if the injunctive relief requested is not granted. Other than a reference made during oral argument as to the delivery dates of imported parts and components contemplated in the three contracts in question, no showing has been made whether any parts in fact have been imported, the extent of such importations or the actual effect and injury caused thereby to the plaintiff.

The plaintiff contends that it is not his burden to bring forward such evidence in that the pertinent information would be solely within the custody and control of the defendant and the intervenors. This court, however, is not convinced that such an abdication of responsiblity by the plaintiff, as the moving party, can be accepted in light of the extensive discovery procedures available in this court. See McCormick on Evidence 787, at note 19.

A showing of injury, a requisite for the granting of injunctive relief, is also the subject of a determination concerning which the International Trade Commission is charged by statute to consider in its preliminary determination. The preliminary negative determination with respect to material injury, previously made by the Commission, has neither been affirmed, rejected, modified nor altered in any form

by this court upon its review thereof. The order of this court under date of December 29, 1980, remanding the administrative proceedings to the Commission for further consideration of certain information, particularly contained in the administrative record, calls upon that administrative body to amplify its findings of fact so as to enable this court to more fully understand upon review the reasons and the rational basis upon which the Commission's determination was made. Whether the imported parts in question may represent sales at less than fair value, in like manner, is a determination concerning which the administering authority is charged to consider in its subsequent preliminary determination.

Accordingly, in the absence of an actual and specific showing of the irreparable damage and harm either presently affecting or threatening to affect the plaintiff, its present application for injunctive relief, in the opinion of this court, should properly be denied, and the administrative process relating to the determination of the criteria, which the plaintiff has been unable to factually demonstrate in its present application, be allowed to continue without delay or interruption by judicial intervention.

Now therefore, it is hereby

ORDERED that the application of the plaintiff for a preliminary injunction in the above-entitled action be and is hereby denied.